## BALTIMORE CITY COURT.

Filed November 9, 1928.

EDWIN R. DOWNES, REGISTER OF WILLS OF BALTIMORE CITY, ON BEHALF OF THE STATE OF MARYLAND,

VS.

SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, TRUSTEE.

*Willis R. Jones,* Assistant Attorney-General, for the State of Maryland.

*Roger B. Williams* for Safe Deposit and Trust Company of Baltimore, trustee.

STANTON, J.—

In this action the State of Maryland seeks to cover a collateral inheritance tax on the interest of Barbara Curran, who is the daughter-in-law of Bridget Curran, and the claim arises out of the following facts in a special case stated:

Mrs. Bridget Curran, a citizen of the State of Maryland, and residing in Baltimore City, by deed of trust dated July 11th, 1919, and duly recorded among the Land Records of Baltimore City Conveyed and trans-ferred the real and personal property therein described to the Safe Deposit and Trust Company of Baltimore in trust to pay the net income to her for life and after her death to convey the corpus of the trust estate to her son, Frank P. Curran, and his wife, Barbara Curran, as tenants by the entireties absolutely and free of the trust.

In this deed of trust Bridget Curran reserved the right to withdraw from the corpus of the trust estate such sums as she might desire, not exceeding $5,000 in any one year. But no power of revocation, nor any right of testamentary disposition is reserved under the said deed.

Bridget Curran died while living in Baltimore City on the 31st day of October, 1927, without ever having exercised the power to withdraw from the corpus and it was undiminished at the time of her death.

The Safe Deposit and Trust Company inquired of the Register of Wills of Baltimore City whether there was any inheritance tax due to the State of Maryland upon the interest of Mrs. Barbara Curran under said deed of trust. The Register of Wills referred the inquiry to the Attorney-General, who rendered an opinion holding that the interest of said Barbara Curran was subject to the collateral inheritance tax, and this action is brought under Section 143-A, of Article 81, of the Code, to test the question.

The value of the estate held by the husband and wife as tenants by the entireties is appraised at $66,024.46 and the Orphans' Court has fixed the amount of the collateral inheritance tax as 5 per cent. on one-half of the estate, the said tax amounting to $1,650.61.

As the Court understands from the brief and oral argument on behalf of the State of Maryland, the position of the plaintiff is that before the tenancy by entireties could attach the interest of Barbara Curran became liable to a collateral inheritance tax, which is a tax on the right to take and receive the estate.

The determination of the question makes it necessary to note that the deed by which the tenancy by the entireties came into existence, is not a deed from Bridget Curran, but is upon

transfer from the Safe Deposit and Trust Company, and therefore, it is not property of which Bridget Curran died seized and possessed, but it is property which had been conveyed to and was held by said trustee for eight years before Bridget Curran died. The trustee had absolute power of disposition for the control and management of said estate, and without any supervision or control of Bridget Curran, the grantor. On the other hand, if the estate of tenants by the entireties was created by the deed of trust, subject to the enjoyment of the life estate by Bridget Curran, then it was vested during the lifetime of Bridget Curran, only to be divested by her withdrawal of the corpus in annual installments, and there was nothing transferred to take effect in possession after her death. The collateral inheritance tax is upon a transfer of an estate which passes from the decedent. It seems to this Court that the tax applies only to an interest that passes as part of an estate, which condition does not exist under the facts of this case.

But the character and nature of the interest is the greatest obstacle to the recovery of the tax as here claimed, because it is an unascertainable interest for taxation during the life of the husband and wife. Just as it is an unascertainable interest and not subject to fi. fa., or attachment on a judgment against either one while the other one is living. And during the lifetime of both, neither the husband nor the wife can convey by deed his or her interest. nor can it be mortgaged by either one acting alone, because there is no share or portion of the estate in either owner, but the husband and wife take the entire estate as one person, and they take but one estate.

It follows that as one of two tenants by the entirety does not have any estate independent of the other, and that such a transfer is to them as an entity composed of both, and not of one nor of the other, the law which says that all estates (Art. 81, Sec. 124) not passing to a named class are subject to this tax does not contemplate the interest represented by Barbara Curran as one of the component parts of a tenancy by the entirety, and the daughter-in-law and collateral to Bridget Curran.

These estates of tenancy by the entirety, have been known in the law of the State of Maryland as long as it has been a State, and if it was ever intended to make such an interest as is herein set forth subject to a collateral inheritance tax the Legislature has not so declared, as has been done in some other jurisdictions. For these reasons the verdict will be entered for the defendant.